UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE ARROYO, | 1:09-cv-01064-SMS |
| Plaintiff, | **ORDER GRANTING PETITION/ MOTION FOR ATTORNEY FEES UNDER 42 U.S.C. § 406(b)** (Doc. 26) |
| vs. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

Petitioner, Robert D. Christenson, attorney for Plaintiff, George Arroyo, moves the Court to grant an award of attorney's fees in the amount of $9,207.00 under 42 U.S.C. § 406(b)(1). Defendant has filed a statement of non-opposition to Plaintiff's request (Doc. 28).  Having reviewed the motion and its supporting documentation, as well as the case file, this Court grants the motion and awards the requested attorney's fees.

**I.   Legal and Factual Background**

On November 19, 2007, Plaintiff and Petitioner entered into a contingent fee agreement, providing payment to Petitioner of twenty-five percent (25%) of past due benefits paid to Plaintiff.

1

On June 16, 2009, Plaintiff filed a complaint in this Court appealing Defendant's denial of his application for disability insurance benefits (Doc. 1).  On October 29, 2010, this Court reversed the administrative determination, remanded the case for payment of benefits, and entered judgment in favor of Plaintiff and against Defendant (Docs. 22-23).

On January 13, 2011, the agency notified Plaintiff of the award of monthly disability benefits beginning in March 2006. Twenty-five percent of Plaintiff's past due benefits total $9,207.00.  On January 6, 2011, the Court awarded a fee of $1,700.00 under the Equal Access to Justice Act (EAJA). Accordingly, Petitioner has requested an additional net fee of $7,507.00 ($9,207.00 less $1,700.00 in EAJA fees = $7,507.00) pursuant to the Social Security Act and 42 U.S.C. § 406(b)(1).

**II.  Discussion**

> Whenever a court renders judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . . .
>
> 42 U.S.C. § 406(b)(1(A).

The Court must review contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "instructs courts to review for reasonableness" fees yielded under contingent fee agreements, taking into account both the character of the representation and the results achieved. *Gisbrecht*, 535 U.S. at 808.  Congress has

2

provided a single guideline: Contingency agreements are unenforceable to the extent that they provide for fees in excess of twenty-five percent of past-due benefits. *Id.* at 807. Within the twenty-five percent corridor, the attorney for a successful claimant must demonstrate that the fee is reasonable for the services that he or she provided. *Id.*

"[D]istrict courts generally have been deferential to the terms of contingency fee contracts in § 406 (b) cases." *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D.Cal. 2003). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Petitioner accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. Working efficiently and effectively, Petitioner secured a remand and, ultimately, the award of substantial benefits to Plaintiff. Inasmuch as the Commissioner does not challenge the requested fees attests to their reasonableness.

### III. Conclusion and Order

Accordingly, this Court hereby GRANTS Petitioner's motion for attorneys' fees of $9,207.00, net of the previously awarded fee of $1,700.00 under the Equal Access to Justice Act (EAJA), for a total award of $7,507.00.

IT IS SO ORDERED.

**Dated:   May 26, 2011**                              /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE